# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Case No. 18-cv-62889-BLOOM/Valle**

PC ANYTHING, INC.,

    Plaintiff,

v.

LEXINGTON INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER ON MOTION FOR ORDER TO SHOW CAUSE AND TO COMPEL DEPOSITION AND FEES AND COSTS

**THIS CAUSE** is before the Court upon Defendant Lexington Insurance Company's ("Lexington" or "Defendant") Motion for Order to Show Cause and to Compel Deposition and Fees and Costs, ECF No. [25] (the "Motion"), filed on June 5, 2019. Plaintiff PC Anything, Inc. ("PC" or "Plaintiff") filed an expedited response, ECF No. [28] ("Response"). The Court has carefully reviewed the Motion and Response, the record in this case and the applicable law, and is otherwise fully advised. For the reason set forth below, the Motion is granted in part.

The parties disagree as to whether Lexington may recover fees and costs incurred as a result of Plaintiff's expert, Irvin D. Zelaya's ("Zelaya") failure to appear at his deposition. The parties do not dispute the relevant facts. Lexington noticed Zelaya's deposition on March 7, 2019 for a deposition to take place on June 4, 2019. *See* ECF No. [25-1]. Lexington sought to take the deposition of Irvin D. Zelaya and/or The Person with the Most Knowledge with CNI Concepts Enterprises, Inc. Zelaya prepared the estimate relied upon by the Plaintiff as the property damages owed to it by Lexington and in support of Plaintiff's breach of contract claim.

On May 30, 2019, Zelaya submitted a fee invoice for his deposition, requesting an hourly rate of $225.00, and a retainer of $900.00 to be paid in advance. The next day, PC's counsel advised Lexington that PC intended to designate Zelaya as an expert witness. Lexington objected to Zelaya's request for an advanced upfront fee to appear at his deposition yet advised that it was agreeable to paying a reasonable expert hourly rate. In response, Zelaya informed Lexington that he would not appear if Lexington did not pay his flat fee. On June 4, 2019, Zelaya failed to appear for his deposition.

Lexington requests that the Court enter an order to show cause as to why Zelaya should not be held in contempt, awarding attorney's fees and costs related to Zelaya's deposition, and compelling Zelaya to appear for deposition prior to June 25, 2019 (the date Lexington's corporate representative is scheduled to be deposed). In response, PC contends that because Lexington knew that Zelaya would not appear if his fee was not paid in advance, and Lexington insisted on attending his deposition anyway, Lexington is not entitled to recover its fees and costs associated with Zelaya's deposition. In addition, PC has provided an affidavit from Zelaya in which he expresses that in his experience, his expert fee has remained unpaid by insurers, so he requests that his fees, including his retainer, be agreed to prior to the deposition taking place. *See* ECF No. [28-1] ("Affidavit").

Rule 26 states in pertinent part that "[u]nless manifest injustice would result, the court must require that the party seeking discovery[] pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Fed. R. Civ. P. 26(b)(4)(E)(i). However, the Rule is silent with respect to the timing of that payment. Indeed, PC does not provide any authority to support its position that an expert witness may condition his or her appearance for deposition upon a payment in advance. In contrast, the weight of authority is to the contrary. Permitting an expert to condition his appearance upon prepayment of fees would undoubtedly

hamper an opposing party's ability to conduct relevant discovery. Moreover, numerous courts have found that Rule 26(b)(4)(E) does not require the payment of expert fees in advance, and have required experts to appear for deposition without being paid in advance. *See Harris v. Costco Wholesale Corp.*, 226 F.R.D. 675, 676 (S.D. Cal. 2005) ("The rule does not state, however, that the expert's fees must be paid in advance of the deposition absent agreement to do so. To the contrary, 'unlike ordinary witness fees, no rule requires than an opposing expert's deposition fees be tendered to the witness in advance . . . .") (internal citations omitted); *Ratliff v. Baan Co., N.V.*, No. 1:99-cv-2455-WBH, 2003 WL 25774909, at *1 (N.D. Ga. Nov. 5, 2003) (ordering expert witness to submit to deposition without pre-payment of fees); *Bartram, LLC v. Landmark Am. Ins. Co.*, No. 1:10-cv-00028-SPM-GRJ, 2011 WL 13186055, at *1 (N.D. Fla. Feb. 16, 2011) (an expert's fee does not have to be paid in advance); *Regions Bank v. Kaplan*, No. 8:12-CV-1837-T-17MAP, 2015 WL 4935694, at *2 (M.D. Fla. Aug. 18, 2015) (granting motion to defer payment to expert as Rule 26 does not require payment in advance); *Guevara v. NCL (Bahamas) Ltd.*, No. 15-24294-CIV-WILLIAMS, 2017 WL 6598546, at *3 n.2 (S.D. Fla. Feb. 13, 2017) ("[T]here is absolutely no requirement in the Federal Rules of Civil Procedure that expert fees be paid in advance of the expert's deposition, and courts routinely order experts to submit to deposition before payment."). This Court finds that it was improper for Zelaya to condition his appearance for deposition upon an advance payment.

The next issue is whether contempt or other sanctions are warranted in this case. Zelaya acknowledges that he has been retained as an expert and Lexington does not challenge the reasonableness of his fee. In addition, neither PC nor Zelaya contend that Zelaya was not properly subpoenaed. Although Zelaya's deposition had been noticed since the beginning of March, no motion for protective order was filed. Indeed, Zelaya informed Lexington less than a week before his deposition of his expectation that he be paid a sum certain in advance of his appearance and

that he would not appear otherwise. And, the fact remains that Zelaya failed to comply with a properly served subpoena. According to Rule 45, "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

While this Court exercises its discretion and will not hold Zelaya in contempt, the Court does find that monetary sanctions against PC are warranted. Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, providing in pertinent part that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Further, this section provides for attorney's fees to the prevailing party on a motion to compel:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Rule 37 "was toughened in 1970 to mandate that expenses be awarded *unless* the conduct of the losing party or person is found to have been *substantially justified*." *DeVaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1159 (11th Cir. 1993) (emphasis added) (citing Fed. R. Civ. P. 37 Advisory Committee Notes (West 1991 Revised)). The Supreme Court developed criteria to determine whether such party's conduct is "substantially justified"—if it is a response to a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Id*. at 1163 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490 (1988)); *see also Maddow v. P&G*, 107 F.3d 846, 853 (11th Cir. 1997). Moreover, the burden of establishing such "substantial justification" is on the losing party.

*Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 6238647, at *5 (S.D. Fla. Dec. 3, 2013). Notably, there is no requirement that a court find that a party acted in bad faith before awarding attorney's fees pursuant to Rule 37. *Devaney*, 989 F.2d at 1162 ("The language 'advising such conduct' in Rule 37 does not incorporate either heightened procedural requirements or a bad faith test into that rule.").

PC has failed to demonstrate that its conduct in failing to produce its expert for a duly noticed deposition based upon Lexington's objection to paying the expert in advance was substantially justified.[1] Nor is PC's position tenable that there is a basis to deny Lexington the fees and costs incurred in appearing at Zelaya's deposition merely because Lexington knew that Zelaya would not appear absent payment in advance. If PC truly believed that there was a good faith basis for its expert to avoid the subpoena and resulting deposition, PC should have sought relief from the Court though a motion for protective order. It did not do so and PC allowed its expert to avoid a Court order. As such, Lexington is entitled to recover its reasonable attorney's fees and costs incurred related to Zelaya's failure to appear at the scheduled deposition. This amount shall be determined following a hearing to be set before Magistrate Judge Alicia Valle.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [25]**, is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The request for an order to show cause is denied at this time;
2. Lexington's request to compel is granted and Zelaya shall appear for deposition prior to June 25, 2019;
3. Lexington shall recover its reasonable attorney's fees and costs incurred in relation to the deposition for which Zelaya failed to appear; and,

---

[1] Notwithstanding, Lexington, will ultimately be required under the Rules to reimburse Zelaya's reasonable fee for time spent during the deposition and time spent preparing for the deposition.

4. This matter is referred to Judge Valle for a determination of the amount of those fees.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 18, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record